Mark D. Mailman, I.D. No. MDM 1122
John Soumilas, I.D. No. JS 0034
**FRANCIS & MAILMAN, P.C.**
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

**Attorneys for Plaintiff**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **REGINA CARLTON**           )<br>                              )<br>            **Plaintiff,**      )<br>    vs.                       )<br>                              )<br>**CHOICEPOINT, INC.**          )<br>    and                       )<br>**CHOICEPOINT SERVICES, INC.** )<br>    and                       )<br>**NATIONAL DATA RETRIEVAL, INC.** )<br>    and                       )<br>**SUPERIOR INFORMATION SERVICES, INC.** )<br>    and                       )<br>**LEXISNEXIS RISK & INFORMATION** )<br>**ANALYTICS GROUP, INC.,**     )<br>    and                       )<br>**REED ELSEVIER, INC.**        )<br>                              )<br>            **Defendants**    )<br>                              ) | **Civil Action No. 08-5779** |

## SECOND AMENDED COMPLAINT

### I. Preliminary Statement

1. This is an action for damages brought by an individual consumer against the Defendants for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681 *et seq.*, *as amended*, and other state laws.

## II.   Jurisdiction and Venue

2.     Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. §1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

3.     Venue lies properly in this district pursuant to 28 U.S.C. §1391(b).

## III.   Parties

4.     Plaintiff Regina Carlton is an adult individual who resides at 456 Hegeman Avenue, Brooklyn, NY 11207.

5.     Defendant ChoicePoint, Inc. is a business entity that provides background screening services, decision-making intelligence, public record reports and operates as a consumer reporting agency.  Defendant ChoicePoint, Inc. regularly conducts business in the State of New Jersey, and has operated places of business concerning the reporting of public records information located at 7 Foster Avenue, Suite 200, Gibbsboro, NJ 08026 and at 300 Phillips Boulevard, Suite 500, Ewing, NJ 08618.

6.     Defendant ChoicePoint Services, Inc. ("CSI") is a business entity that provides background screening services, decision-making intelligence, public record reports and operates as a consumer reporting agency.  Defendant CSI regularly conducts business in the State of New Jersey, and has operated places of business concerning the reporting of public records information located at 7 Foster Avenue, Suite 200, Gibbsboro, NJ 08026 and at 300 Phillips Boulevard, Suite 500, Ewing, NJ 08618.

7.     Defendant National Data Retrieval, Inc. ("NDR") is a business entity that provides background screening services, decision-making intelligence, public record reports and operates as a consumer reporting agency.  Defendant NDR regularly conducts business in the State of New Jersey.  Based upon Plaintiff's information and belief, NDR was acquired by

Defendant CSI and/or Defendant ChoicePoint, Inc.

8. Defendant Superior Information Services, Inc. ("Superior") is a business entity that provides background screening services, decision-making intelligence, public record reports and operates as a consumer reporting agency. Defendant regularly conducts business in the State of New Jersey. Based upon Plaintiff's information and belief, Superior was acquired by Defendant CSI and/or Defendant ChoicePoint, Inc.

9. Defendant ChoicePoint, Inc. ("ChoicePoint") operates and controls Defendants CSI, NDR and Superior. Upon information and belief, Defendants ChoicePoint, CSI, NDR and Superior act collectively and in concert with each other.

10. Defendant LexisNexis Risk & Information Analytics Group, Inc. ("Lexis") is a business entity that provides background screening services, decisions-making intelligence, and operates as a consumer reporting agency. Defendant regularly conducts business in Philadelphia County, Pennsylvania, and has a principal place of business at 4 Penn Center, 1600 JFK Boulevard, Suite 1655, Philadelphia, PA 19103. Lexis directs its customers to remit payment at P.O. Box 7247-6157, Philadelphia, PA.

11. Defendant Reed Elsevier, Inc. ("Reed") is a business entity and/or a credit reporting agency, of which Lexis is a division. Defendant regularly conducts business in Philadelphia County, Pennsylvania, and has a principal place of business at 4 Penn Center, 1600 JFK Boulevard, Suite 1655, Philadelphia, PA 19103.

12. Defendants Lexis and Reed act in concert with each other with respect to the public records communications and events that are the subject of this action.

13. In 2007, Defendants Lexis and Reed acquired in whole or in part the public records business of Defendants ChoicePoint, CSI, NDR and/or Superior and are successors in interest to that business.

14. Both Defendants ChoicePoint and CSI have been found by multiple federal courts to operate as consumer reporting agencies ("CRAs") and to be regulated by the FCRA.

15. Further, ChoicePoint has represented itself to be a furnisher of consumer credit information under the FCRA and has lobbied the U.S. Congress to regulate it only as a furnisher of consumer credit information.

### IV.     Factual Allegations

16. Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information").

17. The inaccurate information includes, but is not limited to, several civil judgments that Plaintiff satisfied in November 2006, but which are reporting as outstanding and unsatisfied.

18. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

19. Defendants have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons.

20. Specifically, Defendants assumed the role of communicating and publishing select public records information, including information about bankruptcies, judgments and tax liens, to other CRAs, such as Trans Union, Equifax and Experian.

21. Defendants communicate and publish such information to third parties such as the national CRAs on a regular basis for a fee using electronic communications and other instruments of interstate commerce.

22. Importantly, Defendants are not simply a copying or delivery service, and do not act as a mere conduit of court record information. The information that Defendants sell is not the actual, full or complete court record or docket. It is a series of discrete and distilled items electronically populated and translated from the actual record, containing Defendants' interpretations of the actual record, and transmitted to third parties which often bears little resemblance to the actual record as in this case. The summaries or abstracts are of select data that is sometimes available and sometimes not available from the actual public record. As such, the information that Defendants report is an original product.

23. For example, with respect to judgments, Defendants do not communicate to the national CRAs either the complete court record or even the court record memorializing the entry of a judgment. Instead, Defendants, either directly or indirectly, collect and communicate only select information about the judgment from select court filings.

24. The select information is incomplete and sometimes is transcribed or entered erroneously into Defendants' databases. Defendants, for example, have on many occasions confused the judgment creditor with the judgment debtor. Defendants also do not always supply all available information about the identity of the alleged judgment debtor, such as his/her social security number. Defendants' summaries and abstracts also lack any information as to what the lawsuit that supposedly led to the judgment was about, when it was brought, the name of the judge, the status of any appeal, or other relevant information that can be part of the actual public

record, such as whether a judgment has been satisfied. In Plaintiff's case, Defendants failed to report that the subject judgments had been paid by Plaintiff and thus satisfied.

25. The select public records information that Defendants compile is summarized and stored on electronic records within several private databases owned and operated by Defendants.

26. Within these private databases Defendants assemble thousands of summaries or abstracts about public records that allegedly relate to American consumers.

27. Defendants communicated such information to third parties about Plaintiff for a fee on multiple occasions, including in January 2007 and January 2008.

28. Defendants know that the information they communicated to third parties about Plaintiff is used and expected to be used in ordinary consumer transactions, including to be used as a factor in determining Plaintiff's eligibility for credit as well as the terms of any extension of credit.

29. Defendants know that the information that they communicated and published for a fee to third parties about Plaintiff is derogatory and negatively bears upon Plaintiff's creditworthiness, credit standing and credit capacity.

30. Plaintiff has disputed the inaccurate information through the national CRAs by following established procedures for disputing consumer credit information on multiple occasions, including in January 2007 and January 2008.

31. The national CRAs gave notice of Plaintiff's disputes directly to Defendants, and per their duties under the FCRA, Defendants purportedly investigated Plaintiff's disputes.

32. Plaintiff did not know about Defendants at the time of her disputes because Defendants willfully and deliberately conceal their role in selling public records information,

including the information they sold to third parties about Plaintiff but he disputed the erroneous public record and Plaintiff's dispute was received and investigated by Defendants.

33.     Moreover, Defendants do not have any telephone number, website, street address or any other means that is made available to consumers so that they can dispute any inaccurate public records information that Defendants sell about consumers.

34.     The only mechanism available to Plaintiff and other consumers to put Defendants on notice of their errors in communicating and publishing inaccurate public records information about Plaintiff is through the procedures established by the national CRAs.

35.     Despite Plaintiff's disputes, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable investigations and/or reinvestigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to report on the results of said investigations and/or reinvestigations to all CRAs and have continued to cause the reporting of the derogatory inaccurate information about the Plaintiff.

36.     Plaintiff has applied for and has been denied various loans and extensions of consumer credit.  The basis for these denials was the inaccurate information that appears on Plaintiff's credit reports and the inaccurate information was a substantial factor for those denials.

37.     As a result of Defendants' conduct, Plaintiff has suffered actual damages and serious financial and pecuniary harm arising from monetary losses relating to credit denials, loss of credit and loan opportunities, out-of-pocket expenses including, but not limited to, local or long distance telephone calls, postage, faxing and other related costs, all of which will continue into the future to Plaintiff's great detriment and loss.

38. As a result of Defendants' conduct, Plaintiff has suffered great emotional distress and mental anguish, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

39. As a result of Defendants' conduct, Plaintiff has suffered a decreased credit score and/or credit standing.

40. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

41. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was intentional, willful, reckless, and in negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## V. Claims

### Count One - FCRA

42. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

43. At all times pertinent hereto, each Defendant was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

44. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

45. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

46. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendants are liable to the Plaintiff for engaging in the following conduct:

    (a)    willfully and negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute in violation of 15 U.S.C. § 1681i;

    (b)    willfully and negligently failing to prepare Plaintiff's report by following procedures that assure maximum possible accuracy, in violation of 15 U.S.C. § 1681e(b);

    (c)    willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b);

    (d)    willfully and negligently failing to comply with the FCRA's disclosure requirements in violation of 15 U.S.C. §1681g;

47. The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendants are liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

### **Count Two - Defamation**

48. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

49. Defendants published unprivileged statements of, about, or concerning Plaintiff including but not limited to statements that Plaintiff had an unsatisfied civil judgment against her for an unpaid debt.

50. Defendants' statements in this regard are false and defamatory as Plaintiff satisfied the civil judgment in November 2006.

51. Defendants' statements thus create a derogatory reflection on Plaintiff's credit information and debt repayment history, and paint Plaintiff as financially irresponsible and delinquent.

9

52. Defendants published these statements either directly via communications to the national CRAs containing the defamatory statements, or indirectly via the sale and publication of Plaintiff's credit reports to creditors, credit grantors and other entities containing the defamatory statement received from Defendants.

53. Defendants published these statements knowingly, recklessly, and/or with negligent disregard for the fact that these statements were false when made, and had no factual basis for making the statements, despite Plaintiff having notified them that the above inaccurate information was inaccurate for the reasons stated above.

54. Nonetheless, Defendants continue to publish the false and defamatory statements concerning the Plaintiff's credit history up through the present time.

55. Defendants' conduct was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendants are liable to compensate the Plaintiff for the full amount of actual damages, compensatory damages and punitive damages, as well as such other relief, permitted under the law.

## Count Three - Negligence

56. Plaintiff incorporates the foregoing paragraphs as if the same were set forth at length herein.

57. Defendants' negligence consists of the following:

    (a) Violating the FCRA as set forth above;

    (b) Failing to conduct a proper and reasonable investigation and/or reinvestigation concerning the inaccurate information after receiving notice of the dispute from the Plaintiff;

    (c) Failing to review and consider all relevant information submitted by the Plaintiff concerning the dispute of the inaccurate information;

    (d)    Failing to delete or correct the inaccurate information from Plaintiff's credit file after investigation and/or reinvestigation;

    (e)    Failing to report the results of investigations to the relevant consumer reporting agencies;

    (f)    Failing to properly and timely delete the inaccurate information from the Plaintiff's credit files despite being unable to verify the accuracy of the information and/or being provided with proof of its inaccuracy; and

    (g)    Continuing to report the inaccurate information despite having knowledge of the inaccuracies and/or the inability to be verified.

58. As a result of Defendants' above-mentioned conduct, Plaintiff has sustained and continues to sustain the losses and damages as set forth above.

59. The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendants are liable to compensate the Plaintiff for the full amount of actual and compensatory damages, as well as such other relief, permitted under the law.

### Count Four – Invasion of Privacy/False Light

60. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

61. Defendants' above actions violated Plaintiff's right of privacy by placing the Plaintiff in a false light before the eyes of others, including potential credit grantors and creditors as well as family, friends and the general public.

62. By such unauthorized publication and circulation of Plaintiff's name and the inaccurate information, Defendants invaded Plaintiff's right to privacy, subjected Plaintiff to ridicule and contempt, injured Plaintiff's personal esteem, reflected disgracefully on Plaintiff's

character, diminished Plaintiff's high standing, reputation and good name among family, friends, neighbors and business associates, destroyed Plaintiff's peace of mind, and caused Plaintiff severe mental and emotional distress.

63. The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendants are liable to compensate the Plaintiff for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted under the law.

## VI. Jury Trial Demanded

64. Plaintiff demands trial by jury on all issues so triable.

## VII. Prayer for Relief

65. WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

    (a)     Actual damages;

    (b)     Statutory damages;

    (c)     Punitive damages;

    (d)     Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and/or 1681o;

    (e)     As to the common law claims, an order directing that Defendants send to all persons and entities to whom they have reported Plaintiff's inaccurate information within the last three years Plaintiff's updated and corrected credit report information; and

   (f) Such other and further relief as may be necessary, just and proper.

         Respectfully submitted,

         **FRANCIS & MAILMAN, P.C.**

     BY: */s/ Mark D. Mailman*
        MARK D. MAILMAN
        JOHN SOUMILAS
        Land Title Building, 19th Floor
        100 South Broad Street
        Philadelphia, PA 19110
        (215) 735-8600

        Attorneys for Plaintiff

Dated: December 9, 2009

**CERTIFICATE OF SERVICE**

I, Mark D. Mailman, hereby certify that, on this date, I caused a true and correct copy of Plaintiff's Second Amended Complaint to be served via ECF Notification and U.S. mail, first-class, postage pre-paid upon the following individuals:

> Mark A. Aronchick, Esquire
> Sharon F. McKee, Esquire
> Hangley, Aronchick, Segal & Pudlin
> One Logan Square, 27th Floor
> Philadelphia, PA 19103
> maronchick@hangley.com
> smckee@hangley.com
>
> James R. McGuire, Esquire
> James F. McCabe, Esquire
> Morrison & Foerster, LLP
> 425 Market Street
> San Francisco, CA 94105-2482
> jmcguire@mofo.com
> jmccabe@mofo.com
>
> Jeffrey T. Cox, Esquire
> Ronald I. Raether, Jr., Esquire
> Faruki, Ireland & Cox, PLL
> 10 North Ludlow Street
> Dayton, OH 45402
> jcox@ficlaw.com
> rraether@ficlaw.com

**FRANCIS & MAILMAN, P.C.**

BY:   */s/ Mark D. Mailman*
      MARK D. MAILMAN
      Attorney for Plaintiff
      Land Title Building, 19th Floor
      100 South Broad Street
      Philadelphia, PA 19110
      (215) 735-8600

DATED: December 9, 2009